## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS

JUSTIN TATUM,

        Plaintiff,

    v.

COASTLINE PRODUCTS LLC,
DAVID POURMAND

        Defendant.

Case No. 6:25-cv-00404-KNM

## DEFENDANT COASTLINE PRODUCTS LLC'S ANSWER TO PLAINTIFF JUSTIN TATUM'S COMPLAINT

Defendant COASTLINE PRODUCTS, LLC ("Defendant") hereby answers the Complaint of Plaintiff JUSTIN TATUM ("Plaintiff") as follows:

### INTRODUCTION

1. Defendant Coastline Products, LLC ("Coastline" or "Defendant") admits that the Plaintiff is JUSTIN TATUM ("Plaintiff"), a natural person and resident of the Eastern District of Texas; otherwise, Defendant is unable  to either admit or deny the remaining allegations in this paragraph.

2. Defendant admits that it is a California limited liability company and that its registered agent is Corporation Service Company.

3. Defendant David Pourmand admits he is the managing member of Coastline Products, LLC. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 3 of the Complaint.

### JURISDICTION AND VENUE

4. Defendant admits that this court has jurisdiction.

5. Defendant admits that this court has personal jurisdiction in this case. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 5 of the Complaint, which also constitute legal conclusions.

6. Defendant admits the venue is proper. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 6 of the Complaint.

7. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 of the Complaint.

**The TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227**

8. Paragraph 8 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

9. Paragraph 9 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

10. Paragraph 10 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

11. Paragraph 11 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief

about the truth of the allegations.

12. Paragraph 12 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

13. Paragraph 13 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

14. Paragraph 14 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

15. Paragraph 15 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

16. Paragraph 16 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

17. Paragraph 17 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief

about the truth of the allegations.

18. Paragraph 18 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

19. Paragraph 19 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

20. Paragraph 20 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

21. Paragraph 21 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

22. Paragraph 22 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

23. Paragraph 23 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief

about the truth of the allegations.

24. Paragraph 24 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required.  To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

25. Paragraph 25 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required.  To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

26. Paragraph 26 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required.  To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

27. Paragraph 27 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required.  To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

28. Paragraph 28 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required.  To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

29. Paragraph 29 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required.  To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief

about the truth of the allegations.

30. Paragraph 30 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

31. Paragraph 31 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

32. Paragraph 32 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

33. Paragraph 33 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

34. Paragraph 34 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

35. Paragraph 35 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief

about the truth of the allegations

## TEXAS BUSINESS AND COMMERCE CODE

36. Paragraph 36 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

37. Paragraph 37 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

38. Paragraph 38 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

39. Paragraph 39 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

## FACTUAL ALLEGATIONS

40. Defendant denies the allegations in Paragraph 40 of the Complaint.

41. Defendant denies the allegations in Paragraph 41 of the Complaint.

42. Defendant denies the allegations in Paragraph 42 of the Complaint.

43. Defendant denies the allegations in Paragraph 43 of the Complaint.

44. Defendant denies the allegations in Paragraph 44 of the Complaint.

45. Defendant denies the allegations in Paragraph 45 of the Complaint.

46. Defendant denies the allegations in Paragraph 46 of the Complaint.

### ABSENCE OF PRIOR EXPRESS WRITTEN CONSENT

47. Defendant denies any calls were placed without express written consent. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 47 of the Complaint. Defendant is still investigating Plaintiff's claims.

48. Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49. Defendant denies the allegations in Paragraph 49 of the Complaint.

50. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50 of the Complaint.

### DEFENDANTS FAILURE TO REGISTER IN TEXAS

51. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51 of the Complaint.

52. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52 of the Complaint.

53. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53 of the Complaint.

54. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 54 of the Complaint.

55. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 55 of the Complaint.

56. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56 of the Complaint.

### INDIVIDUAL LIABILITY OF DAVID POURMAND

57. Defendant admits that it is the managing member owner of Coastline Products, LLC; Otherwise, the remaining allegations in Paragraph 57 of the Complaint are denied.

58.  Defendant denies the allegations in Paragraph 58 of the Complaint.

59. Defendant denies the allegations in Paragraph 59 of the Complaint.

60. Defendant denies the allegations in Paragraph 60 of the Complaint.

61. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61 of the Complaint.

**INJURY, HARM, DAMAGES, AND ACTUAL DAMAGES AS A RESULT OF THE TEXT MESSAGES**

62. Defendant denies the allegations in Paragraph 62 of the Complaint.

63. Defendant denies the allegations in Paragraph 63 of the Complaint.

64. Defendant denies the allegations in Paragraph 64 of the Complaint.

65. Defendant denies the allegations in Paragraph 65 of the Complaint.

66. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 66 of the Complaint.

67. Defendant denies the allegations in Paragraph 67 of the Complaint.

68. Defendant denies the allegations in Paragraph 68 of the Complaint.

69. Defendant denies the allegations in Paragraph 69 of the Complaint.

**PLAINTIFF'S CELL PHONE IS A RESIDENTIAL NUMBER**

70. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 70 of the Complaint.

71. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 71 of the Complaint.

72. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 72 of the Complaint.

73. Defendant lacks knowledge or information sufficient to form a belief about the truth of the

allegations in Paragraph 73 of the Complaint.

**FIRST CLAIM FOR RELIEF**

74. Defendant incorporates by reference all other responses herein.

75. Defendant denies the allegations in Paragraph 75 of the Complaint

76. Defendant denies the allegations in Paragraph 76 of the Complaint.

77. Defendant denies the allegations in Paragraph 77 of the Complaint.

78. Defendant denies the allegations in Paragraph 78 of the Complaint.

79. Defendant denies the allegations in Paragraph 79 of the Complaint.

80. Defendant denies the allegations in Paragraph 80 of the Complaint.

81. Defendant denies the allegations in Paragraph 81 of the Complaint.

**SECOND CLAIM FOR RELIEF**

82. Defendant incorporates by reference all other responses herein.

83. Defendant denies the allegations in Paragraph 83 of the Complaint.

84. Paragraph 84 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required.  To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

85. Paragraph 85 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required.  To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

86. Paragraph 86 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required.  To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

87. Defendant denies the allegations in Paragraph 87 of the Complaint.

### THIRD CLAIM FOR RELIEF

88. Defendant incorporates by reference all other responses herein.

89. Defendant denies the allegations in Paragraph 89 of the Complaint.

90. Defendant denies the allegations in Paragraph 90 of the Complaint.

91. Defendant denies the allegations in Paragraph 91 of the Complaint.

92. Defendant denies the allegations in Paragraph 92 of the Complaint.

93. Paragraph 93 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required.  To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

94. Paragraph 94 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required.  To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

95. Defendant denies the allegations in Paragraph 95 of the Complaint.

### FORTH CLAIM FOR RELIEF

96. Defendant incorporates by reference all other responses herein.

97. Paragraph 97 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required.  To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

98. Paragraph 98 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required.  To the extent a response is

deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

99. Paragraph 99 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required.  To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

100.    Paragraph 100 of the Complaint consists of legal conclusions and contains no affirmative allegations against Defendant, and therefore, no response is required.  To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

101.    Defendant denies the allegations in Paragraph 101 of the Complaint.

102.    Defendant denies the allegations in Paragraph 102 of the Complaint.

103.    Defendant denies the allegations in Paragraph 103 of the Complaint.

## PLAINTIFF'S PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief requested in the Prayer for Relief.

## PLAINTIFF'S JURY DEMAND

Defendant admits that Plaintiff demands a trial by jury.

## AFFIRMATIVE DEFENSES

1.   The acts, omissions, injuries, losses, or damages alleged in the Complaint were caused, or causally contributed to, by the comparative fault, negligence, negligence per se, assumption of the risk, and/or culpable conduct of Plaintiff, third parties, and/or others for whom Defendant is not responsible.

2.   Plaintiff's Complaint, and all allegations contained therein, or portions thereof, are, or may be, barred by the applicable statute(s) of limitations.

3.   Defendant acted in good faith at all relevant times and did not engage in any conduct that was intentional, knowing, willful, reckless, malicious, wanton or outrageous.

4.  All calls placed to Plaintiff, if any, were placed with prior express consent, written or otherwise.

5.  Any alleged calls by Defendant to Plaintiff were not made by an automatic telephone dialing system or an artificial or prerecorded voice.

6.  Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA, the regulations prescribed thereunder, and/or Texas law.

7.  Any alleged violations, which are denied, were unintentional and Defendant is therefore entitled to a "safe harbor" defense.

8.  This matter may be subject to an arbitration provision and/or a forum selection clause.  If so, Defendant reserves the right to enforce any such provisions.

9.  Plaintiff's claims are barred because he lacks standing and/or jurisdiction to assert them, inter alia, because Plaintiff has suffered no injury-in-fact.

10. Plaintiff's claims may be barred by the doctrines of unclean hands, laches, waiver, res judicata, estoppel, collateral estoppel, judicial estoppel and/or other equitable doctrines.

11. To the extent that Plaintiff claims to have suffered damages, which is disputed by Defendant, Plaintiff has failed to mitigate any such claimed damages.

12. The imposition of the damages sought by Plaintiff would violate Defendant's constitutional rights to due process and equal protection and constitute an excessive fine.

## RESERVATION OF RIGHTS

Defendant reserves the right to amend its answer and claims herein by adding additional parties, affirmative defenses, counterclaims, cross-claims, and/or third party claims, as additional investigation, discovery or circumstances warrant.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with prejudice, for a judgment in favor of Defendant and against Plaintiff, for all attorneys' fees and costs incurred by Defendant herein, and

for such further relief as the Court deems just and proper.

**DEMAND FOR JURY**

Defendant hereby demands a trial by jury.

Respectfully submitted,

Dated: May 17, 2026                                      LAW OFFICES OF KEITH WIER, PLLC


*s/Keith Wier*
Keith Wier
SBN: 21436100
15150 Preston Road, Suite 300
Dallas, TX 75248
Email: kwier@keithwierlaw.com
Phone: (214) 540-6690
*Attorney for Defendant Coastline Products, LLC,*
*David Pourma*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 12, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.

Dated: May 17, 2026                                     LAW OFFICES OF KEITH WIER, PLLC


 s/Keith Wier_____

Keith Wier
SBN: 21436100
15150 Preston Road, Suite 300
Dallas, TX 75248
Email: kwier@keithwierlaw.com
Phone: (214) 540-6690
*Attorney for Defendant Coastline Products, LLC,*
*David Pourmand*